UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JANE DOE**                                                       **CIVIL ACTION**

**VERSUS**

**THE CITY OF BATON ROUGE,**                           **NO. 20-CV-514-JWD-EWD**
**ET AL.**

<u>**OPINION**</u>

After independently reviewing the entire record in this case, including the objection filed by Plaintiff,[1] and for the reasons set forth in the Magistrate Judge's Report dated January 5, 2021,[2] as well as the additional reasons set forth below, Plaintiff's federal claims will be dismissed with prejudice, and all state law claims will be dismissed without prejudice.

Plaintiff, Jane Doe, who is representing herself in this matter, filed an original Complaint against approximately forty defendants on August 6, 2020.[3] On August 14, 2020, the magistrate judge set a hearing pursuant to *Spears v. McCotter*[4] for September 16, 2020.[5] The hearing was rescheduled to October 20, 2020, and then to November 18, 2020, due to Plaintiff's mandamus proceedings in the United States Court of Appeals for the Fifth Circuit, wherein she unsuccessfully challenged the setting of the *Spears* hearing.[6] Prior to the hearing, Plaintiff filed an Amended Complaint, as well as Motions to Change Venue Due to Prejudice, for 28 U.S. Code § 144 Disqualification of the entire US Court for the Middle District of Louisiana, and to Disqualify Judge Pursuant to 28 U.S. Code § 455.[7] Following the *Spears* hearing, the magistrate judge

---

[1] R. Doc. 23.
[2] R. Doc. 22.
[3] R. Doc. 1.
[4] 766 F.2d 179 (5th Cir. 1985).
[5] R. Doc. 7.
[6] R. Docs. 9, 10, 13, *and see* R. Doc. 14, the mandate of the Fifth Circuit, denying Plaintiff's writ of mandamus and upholding the setting of the *Spears* hearing. No. 20-30557 (5th Cir. Oct. 23, 2020).
[7] R. Docs. 11, 16-18.

recommended that Plaintiff's federal claims be dismissed with prejudice because the claims are based on implausible factual allegations and/or are legally frivolous, and that the Court decline to exercise supplemental jurisdiction over any state law claims.

At its crux, Plaintiff's Complaint, as amended, alleges a vast conspiracy of over forty defendants. The named co-conspirators range from employees and departments of federal, state and local governmental agencies, including the Louisiana Attorney General and the East Baton Rouge Parish District Attorney, to doctors, a journalist, lawyers and state court judges. The list of "unsued co-conspirators" includes the Governor of the State of Louisiana, "who was contacted by Plaintiff regarding the official crime cover-up but ignored Plaintiff's communication and joined other co-conspirators."[8] The Report thoroughly details Plaintiff's allegations regarding the roles of the alleged co-conspirators in Plaintiff's claims.[9] It seems the conspiracy began with alleged abuse of Plaintiff by defendant Kyle Poulicek ("Poulicek"), with whom Plaintiff had a relationship, and if Plaintiff did not receive the outcome she wanted in response to the reporting or investigation of Poulicek's actions, any person involved became a co-conspirator. Indeed, Plaintiff states that every judicial officer of this Court is a co-conspirator, bent on assisting in this massive cover-up.[10]

Plaintiff spends a significant amount of her objection focused on whether it was proper for the magistrate judge to recommend dismissal of her claims based on 28 U.S.C. § 1915(e), following the *Spears* hearing process, or whether Plaintiff's payment of the filing fee would negate the Court's ability to screen Plaintiff's claims.[11] First, Plaintiff is incorrect in her assertion that

---

[8] R. Doc. 11, ¶ 35.
[9] R. Doc. 22, pp. 9-16.
[10] R. Doc. 23, p. 1 ("Although Plaintiff filed two motions for disqualification, pursuant to 28 U.S. § 144 and 28 U.S. § 455, they both have been made against the entire co-conspirator LAMD that has been denying and blocking access to courts to Plaintiff since January 25, 2019, when she attempted to file this action for the first time, and thus the entire LAMD, not just any particular judge, should proceed no further therein.").
[11] The magistrate judge denied Plaintiff's Motion to Withdraw her previously granted Motion to Proceed In Forma Pauperis and her Motion To Accept And Properly Process Filing Fee (R. Docs. 20 & 21) without prejudice to reurging if the district judge rejected the recommendation that Plaintiff's claims be dismissed. Whether Plaintiff is permitted

the provisions of § 1915 apply only to prisoners.[12]  Second, regardless of whether Plaintiff were to pay the filing fee, this Court has the inherent power to screen a pleading for frivolousness. "[D]istrict courts have the inherent authority to screen a pleading for frivolousness and may dismiss *sua sponte* claims that are 'totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion' because such claims lack the 'legal plausibility necessary to invoke federal subject matter jurisdiction.' *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974); *Dilworth v. Dallas Cty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996)). This inherent power applies even with respect to complaints in which the plaintiff is not a prisoner and has paid a filing fee. *Black v. Hornsby*, No. 5:14-CV-0822, 2014 WL 2535168, at *3 (W.D. La. May 15, 2014), *subsequently aff'd sub nom. Black v. Hathaway*, 616 F. App'x 650 (5th Cir. 2015).  *McLean v. County of Mexico*, 19-CV-591, 2019 WL 2869579, at 1 (W.D. Tx. July 3, 2019).  The Fifth Circuit has recently affirmed that "[s]ome claims are 'so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy.'" *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (quoting *Oneida Indian Nation of N.Y. v. Oneida Cty.*, 414 U.S. 661, 666 (1974)).

Although Plaintiff attempts to distinguish the facts of *Atakapa* by characterizing the pleadings in that case as "bizarre, indecipherable gibberish of likely mentally disturbed individuals…,"[13] the facts of this alleged conspiracy between various branches of government at local, state and federal levels, and numerous private individuals, over a three year period, to cover-

---

or required to pay the applicable filing fee, her claims in this case are subject to dismissal.

[12] *Patel v. United Airlines*, 620 Fed.Appx. 352 (5th Cir. 2015) (per curiam) (applying Section 1915 to non-prisoner pro se litigant); *James v. Richardson*, 344 Fed.Appx. 982, 983 (5th Cir. 2009) (per curiam) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citation omitted).

[13] R. Doc. 23, p. 53.

3

up Poulicek's actions, are similarly implausible. Further leave to amend is not warranted because Plaintiff has already had an opportunity amend[14] and further amendments would be futile. In light of the dismissal of Plaintiff's claims, her Motion to Change Venue,[15] which is based on the alleged impartiality of this Court, will also be denied.

Accordingly,

**IT IS ORDERED** that all federal claims asserted by Plaintiff Jane Doe are **DISMISSED WITH PREJUDICE** because the claims are based on implausible factual allegations and/or are legally frivolous.

**IT IS FURTHER ORDERED** that all state law claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Change Venue[16] is **DENIED**.

The Clerk of Court is directed to **CLOSE** the case and Judgment shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on January 29, 2021.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[14] R. Doc. 11.
[15] R. Doc. 24.
[16] R. Doc. 24.